IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| William J. Pribe, | Case No. 3:10 CV 1726 |
|               Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Cessna Aircraft Company, | |
|               Defendant. | |

**INTRODUCTION**

This matter is before the Court on Defendant Cessna Aircraft's Motion to Dismiss (Doc. No. 8), which alleges age discrimination under the Age Discrimination in Employment Act (ADEA). Plaintiff William Pribe opposes (Doc. Nos. 11 & 18) and Cessna replied (Doc. Nos. 12 & 19).

The matter was referred to Magistrate Judge Armstrong, who issued a Report and Recommendation (R&R) (Doc. No. 20) recommending this Court deny Pribe's request to strike Cessna's Exhibit A and grant Cessna's Motion to Dismiss. Pribe filed Objections (Doc. No. 21), Cessna replied (Doc. No. 22), and Pribe responded (Doc. No. 23).

In accordance with *Hill v. Duriron Co.,* 656 F. 2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the Magistrate's findings *de novo*. For the reasons set forth below, this Court declines to adopt the Magistrate's recommendations in part. This Court finds it appropriate to grant in part and deny in part Cessna's Motion to Dismiss and deny Pribe's request to strike.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural history and this Court adopts that record summary in its entirety. Briefly, Pribe was employed by Cessna Aircraft in Toledo, Ohio. He was targeted for discharge under a workforce reduction plan and offered a severance package. Pribe felt he was not provided information necessary to make an educated decision about whether to accept the severance package and release any potential claims he may have against Cessna. He asked for and received additional time to consider the package. However, after hearing the Toledo facility would close, Pribe felt his only recourse was to accept the severance, and he subsequently signed the severance agreement releasing all claims he may have against Cessna. Some six weeks after signing the severance agreement, Pribe discovered twenty-five other employees were offered transfers to other jobs with Cessna. Pribe subsequently filed a *pro se* Complaint alleging age discrimination under ADEA, claiming discrimination for (1) selecting him for layoff and (2) failing to offer him a transfer after he signed the severance agreement. Cessna filed a Motion to Dismiss, arguing Pribe knowingly and voluntarily waived his right to all claims under the ADEA by signing the severance agreement. Pribe, now represented by counsel, opposes Cessna's Motion and challenges the validity of the waiver.

**Standard of Review**

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the court is to test the legal sufficiency of the complaint. In scrutinizing a complaint, the court is required to accept its allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and view the complaint in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir. 1976). Although a complaint need

not contain "detailed factual allegations," Rule 12(b)(6) requires more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal,* 129 S. Ct. at 1949).

## DISCUSSION

Plaintiff raises five objections to the R&R. Each is addressed in turn.

**Failure to Strike Release**

Pribe first argues the Magistrate erred in not striking the release and severance agreement relied upon by Cessna in its Motion to Dismiss, arguing that under Federal Civil Rule 12(f) the severance agreement is immaterial. Under Rule 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Rule 12(f) applies only to pleadings; exhibits attached to motions are not considered pleadings within the meaning of Rule 12(f). *See Rhea v. Dollar Tree Stores*, 395 F. Supp. 2d 696, 702 (W.D. Tenn. 2005); *King v. Enter. Leasing Co.*, 2007 U.S. Dist. LEXIS 44986 (E.D. Mich. 2007).

The Magistrate found the severance agreement was pertinent and was not part of the pleadings under Rule 12(f). This Court agrees. The severance agreement is essential to the resolution of this matter because the agreement can, by its very purpose, bar Pribe's claim. Furthermore, the severance agreement is not part of the pleading for Rule12(f) purposes.

**Consideration of Release**

Pribe next argues that by considering the release and severance agreement, the Magistrate converted Cessna's Motion to Dismiss into a motion for summary judgement without giving Pribe proper notice as required under Federal Civil Rule 12(d).

The Sixth Circuit has recognized an exception to Rule 12(d) that "a document that is not formally incorporated by reference or attached to a Complaint may be considered part of the pleadings." *Greenburg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). "This occurs when a document is referred to in the complaint and is central to the plaintiff's claim." *Id.* (internal quotation and citation omitted). Additionally, "a defendant may introduce certain pertinent documents if the plaintiff fails to do so." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Id.*

This Court agrees with the Magistrate that the release and severance agreement attached to the Motion to Dismiss is not a matter outside of the pleading and therefore did not convert the Motion to Dismiss into a summary judgment motion. Pribe mentions the agreement several times in his Complaint (Doc. No. 1 at 2), and, if valid, the agreement may bar Pribe's ADEA claims. Thus, the severance agreement can properly be considered in resolving issues for the Motion to Dismiss.

**Whether the Release Complied with OWBPA**

Pribe's third objection is that the Magistrate erred in finding the release complied with the Older Workers Benefit Protection Act (OWBPA). Under the ADEA, an individual may not waive any age discrimination claim unless the waiver is knowing and voluntary. 29 U.S.C. § 626 (f)(1). The OWBPA provides eight minimum requirements that an ADEA release must meet for it to be

considered knowing and voluntary. *Id.* Compliance with these eight requirements is mandatory. *Oubre v. Entergy Operations Inc.*, 522 U.S. 422, 427 (1998).

Specifically, Pribe argues the Magistrate erred in finding the release complied with one of the OWBPA's requirements. That requirement states:

> (H) if a waiver is requested in connection with an exit incentive or other employment termination program offered to a group or class of employees, the employer (at the commencement of the period specified in subparagraph (F)) informs the individual in writing in a manner calculated to be understood by the average individual eligible to participate, as to--
> (ii) *the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program.*

29 U.S.C. § 626 (f)(1)(H)(ii) (emphasis added).

The scope of the terms "job classification" and "organizational unit" in the statute are determined by examining the employer's "decisional unit." 29 C.F.R. § 625.22 (f)(iii)(C). The term "decisional unit" is that portion of the employer's organizational structure from which the employer chooses the persons to be offered consideration for the signing of a waiver. 29 C.F.R. § 1625.22 (f)(iv)(3)(B). Determining what constitutes the decisional unit for purposes of the ADEA is done on a case-by-case basis. 29 C.F.R. § 1625.22 (f)(iv)(3)(B)(ii)(a).

In his Complaint, Pribe alleges that, of the six managers at the Toledo Service Center, the three oldest (including Pribe) were selected for layoff while the three youngest were not considered; and that five hundred people nationwide were affected by Cessna's reduction in force (Doc. No. 1 at 1).

Accepting these allegations as true, Cessna may be required to disclose additional information, depending on how the "decisional unit" is ultimately defined. However, the exhibit attached to the severance agreement lists only three people -- one employee selected for layoff and two employees

5

not selected for layoff (Doc. No. 8-1 at 5–6) -- and not the six managers Pribe claims were considered for layoff, which on its face appears to be inconsistent with the OWBPA requirement.

Therefore, it is unclear at this stage whether Cessna complied with the OWBPA's mandate. Resolution of this issue requires that the exact parameters of the decisional unit be defined. Accordingly, with respect to the release agreement's invalidity, Cessna's Motion to Dismiss is denied.

**Misrepresentation**

Pribe next argues the Magistrate erred in finding that a plaintiff must show all six elements of misrepresentation to overcome a motion to dismiss. Though the Magistrate is generally correct, Pribe's Complaint does not attempt to state a misrepresentation claim. In fact, the misrepresentation argument only surfaced in Pribe's response to Cessna's Motion to Dismiss. Because no misrepresentation claim has been properly pled, the Court need not address it at this juncture.

**ADEA Claim Subsequent to Signing of Release**

Finally, Pribe claims that, even if the waiver is valid with respect to his initial discrimination claim (i.e., that he was inappropriately targeted for layoff), he has a second discrimination claim (Doc. No. 11 at 5). Specifically, Pribe argues the Magistrate erred in finding he had no ADEA claim based on Cessna's decision not to consider him for transfer subsequent to his signing the release. This argument, however, is entirely without merit.

The Magistrate was correct in noting "[t]he Sixth Circuit has clearly established that an employer has no duty under ADEA to permit an employee to transfer to another position or to displace workers with less seniority when the employee's position is eliminated as part of a work force reduction" (Doc. No. 20 at 11) (citing *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1469–70 (6th

6

Cir. 1990)). Because Pribe's position was eliminated as part of a work force reduction, Pribe's claim regarding a transfer is barred by this well-settled rule.

While Pribe attempts to distance his claim from the Sixth Circuit rule regarding transfers by arguing Cessna violated its own "bumping policy," this too is unsuccessful. Even assuming Cessna had a formal "bumping policy," Pribe's Complaint fails to mention the policy, much less allege Cessna violated it. Accordingly, Cessna's Motion to Dismiss is granted with respect to Pribe's discrimination claim including Cessna's actions regarding transfers after Pribe's signing of the release.

## CONCLUSION

For the above reasons, this Court adopts the Magistrate's recommendation to deny Pribe's request to strike (Doc. No. 11). Cessna's Motion to Dismiss (Doc. No. 8) is granted in part with respect to Pribe's ADEA claim subsequent to signing the release and with respect to Pribe's misrepresentation argument. The Motion to Dismiss is denied in part on the issue of whether the release complied with the OWBPA.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 2, 2011